IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ERIC JUNA COX,

Plaintiff,

v.

ALABAMA STATE BAR,

Defendant.

CASE NO. 2:04-CV-612-F
WO

**MEMORANDUM OPINION AND ORDER**

This case arises out of the Alabama State Bar's refusal to allow Eric Cox ("Cox") double time to take the Alabama bar examination as an accommodation of his disabilities of Attention Deficit Disorder ("ADD") and Dyslexia. Cox brings claims against the Alabama State Bar ("Alabama Bar") for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117.[1] (Compl. 4.) This cause is before the Court on cross motions for summary judgment: Alabama State Bar's Motion for Summary Judgment (Doc. #31) and Eric Cox's Motion for Summary Judgment (Doc. #32), both filed February 16, 2005. Upon consideration of the motions before the Court, the Court finds that they both are due to be DENIED.

[1]Cox also brought claims pursuant to the Rehabilitation Act of 1973, which were dismissed by this Court's Order of February 4, 2005.

## I. FACTUAL BACKGROUND

As stated above, Cox has been diagnosed with ADD and Dyslexia. He received his undergraduate degree from Auburn University, where he received double time for testing. Cox was also allowed double time to take the Law School Admissions Test ("LSAT") and to take examinations while at the Cumberland School of Law, Samford University. Additionally, Cox sat for and passed the South Carolina Bar Exam, where he was permitted double time.

Cox applied and sat for the July 2003 Alabama State Bar Examination ("July 2003 Exam"). Due to his disabilities and pursuant to the ADA, Cox requested that the Alabama Bar provide him with the following accommodations during the July 2003 Exam: (1) a quiet testing area, (2) use of a word processor with spell check, and (3) at least double the regular time to complete the exam. Cox supported these requests with documentation from two experts, Michael Fox, M.D., a psychiatrist, and Helen Baines, Ph.D., a licensed School Psychologist. Both experts expressed the opinion that Cox needs the above listed accommodations due to his disabilities. The Alabama Bar conceded that Cox is a disabled person within the meaning ADA and accordingly permitted Cox to have a quiet testing area and time and a half for the July 2003 Exam. Cox took the examination under these conditions and did not pass.

Cox then reapplied for the February 2004 Bar Exam[2] ("February 2004 Exam"), again

[2]The Plaintiff incorrectly refers to this examination as the May 2004 Bar Examination; however, the Court assumes that the Defendant has correctly identified the

requesting a quiet testing area, use of a word processor with spell check and at least double time for testing. The Alabama Bar had its expert, Dr. Rachel Fargason, M.D., a psychiatrist and neurologist, review Cox's documentation. Dr. Fargason concluded that time and a half was an adequate accommodation and that allowing Cox any more than time and a half to complete the examination would undermine the nature of the examination and give him an unfair advantage over other candidates. When the Alabama Bar informed Cox that he would only be given a quiet testing area, use of a word processor with spell check and time and a half, Cox filed a petition for writ of mandamus with the Alabama Supreme Court. The Court denied the writ and Cox's subsequent petition for rehearing. Cox sat for the May 2004 Exam with the partial accommodations and did not pass.

On June 22, 2004, Cox filed suit in this Court, as well as a Petition for Preliminary Injunction requesting that this Court order that he be allowed to take the July 2004 Alabama Bar Examination ("July 2004 Exam") with the accommodation of double time. The Court denied Cox's Petition for Preliminary Injunction and Cox did not sit for the July 2004 Exam.

On January 27, 2005, Cox filed a Second Petition for Preliminary Injunction requesting that this Court order that he be allowed to take the February 2005 Alabama Bar Examination ("February 2005 Exam") with the accommodation of double time. The Court also denied Cox's Second Petition for Preliminary Injunction. It is the Court's understanding that Cox sat for the February 2005 Exam with the partial accommodations and it waiting for results.

---

examination in question since bar examinations are not conducted in Alabama in May.

## II. DISCUSSION

*A. Defendant's Motion for Summary Judgment*

The Alabama Bar argues that summary judgment should be granted in its favor on the grounds that this Court lacks jurisdiction over this matter pursuant to the *Rooker-Feldman* doctrine.[3] Specifically, the Defendant states that "the question is whether the Supreme Court of Alabama was acting within its judicial authority, as opposed to administrative authority when it exercised its jurisdiction to decided the petition for writ of mandamus." (Def. Mot. Summ. J., 8.)

The *Rooker-Feldman* doctrine, named to reflect the holdings in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983) "places limits on the subject matter jurisdiction of federal district courts and courts of appeals over certain matters related to previous state court litigation." *Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). The *Rooker-Feldman* doctrine provides that "federal courts, other than the United States Supreme Court, have no

[3]The Court has ruled against the Defendant on this issue at least twice during the course of the litigation. (*See* Order Den. Prelim. Inj. (Doc. #9), Order Den. Def.'s Mot. to Recons. the Rooker-Feldman Issue (Doc. #23).) The law-of-the-case doctrine holds that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (citations omitted). This "promotes the finality and efficiency of the judicial process by protecting against the agitation of settled disputes." *Id.* However, "the law-of-the-case doctrine's presumption against reconsideration of already decided issues is weaker in the area of a court's subject-matter jurisdiction." *Sophocleus v. Ala. Dep't of Transp.*, 305 F. Supp. 2d 1238, 1245 (M.D. Ala. 2004). Therefore, the Court revisit this issue in the context of summary judgment as requested by the Defendant.

authority to review the final judgments of state courts." *Id.* at 1332. The doctrine "applies not only to claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court's judgment." *Id.* However, it is axiomatic that the doctrine does not apply if the federal plaintiff had no "reasonable opportunity to raise his federal claim in state proceedings." *Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996). Thus, the question in this case is not whether the state Supreme Court's action in denying the Plaintiff's writ of mandamus was judicial or administrative in nature, but whether the plaintiff's writ of mandamus provided him reasonable opportunity to raise his claim in state court proceedings.

In *Biddulph v. Mortham*, 89 F.3d 1491, 1494-95 (11th Cir. 1996), the Eleventh Circuit held that the *Rooker-Feldman* doctrine did not effect the Court's exercise of jurisdiction in spite of the fact that the Plaintiff had petitioned for a writ of mandamus on the same issue from the Florida Supreme Court. The Court noted that "[i]n Florida, mandamus is not awarded as a matter of right but at the court's discretion," and only to protect a clear legal right. *Id*. n.1. (quotation omitted). Consequently, the Court ruled, "[b]ecause the Florida Supreme Court has strictly limited authority to grant a writ of mandamus to those cases where there is a clear right to performance of an indisputable legal duty, the state mandamus proceeding did not afford [the plaintiff] the kind of "reasonable opportunity" to raise his federal claim that would preclude our independent review." *Id.*

As in Florida, in Alabama "[m]andamus, being an extraordinary remedy, never issues as a matter of right, but only in the sound discretion of the court." *Folmar v. Brantley*, 193

So. 122, 126 (Ala. 1939). Additionally, before mandamus can be granted, the applicant must demonstrate that he has a clear legal right to the thing demanded and that the respondent has a clear legal duty to perform the act required. *See Miller v. Hillview Water Works Project, Inc.*, 139 So.2d 337, 341 (Ala. 1962); *Folmar v. Brantley*, 193 So. 122, 125-26 (Ala. 1939). Moreover, "if there is a doubt of the necessity or propriety, mandamus will not lie." *Folmar*, 193 So. at 125. Because the Alabama Supreme Court is strictly limited in its authority to grant a writ of mandamus, the state mandamus proceeding did not afford Cox the kind of "reasonable opportunity" to litigate his claim that would preclude this Court's exercise of jurisdiction pursuant to the *Rooker-Feldman* doctrine. In fact, because mandamus is limited to vindication of clear legal rights and the Plaintiff brings this case to determine whether he has a legal right to the specific accommodation which he seeks, it is unclear whether the state court could have granted mandamus in this case at all. Consequently, the Defendant's Motion for Summary Judgment is due to be DENIED.

*B. Plaintiff's Motion for Summary Judgment*

*1. Summary Judgment Standard*

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party requesting summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those

portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.

If the moving party meets its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

*2. Discussion*

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 121112(a). The word "discriminate" is defined broadly to include "not making

reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A). Federal regulations passed in accordance with the ADA indicate that reasonable accommodations regarding an examination require that the examination be administered "to an individual with a disability that impairs sensory, manual or speaking skills, [in such a way that] the examination results accurately reflect the individual's aptitude or achievement level or whatever other factor the examination purports to measure, rather than reflecting the individual's [impairment]."[4] 28 C.F.R. § 36.309(b)(1)(I).

In this case, the Plaintiff argues that he is entitled to summary judgment because Dr. Helen Baines' declaration that his requested accommodations are reasonable is to be given greater weight than the evidence of the Defendant to the contrary. The Defendant responds that summary judgment in this case is not proper because genuine issues of material fact exist as to whether double time is a reasonable accommodation and whether Cox is a qualified disabled individual.[5]

In support of his position, the Plaintiff relies on the cases of *D'Amico v. New York State Board of Examiners*, 813 F.Supp. 217 (W.D.N.Y. 1993) and *Agranoff v. Law School Admission Council, Inc.,* 97 F. Supp. 2d 86 (Mass. 1999), two cases which examine the issue

---

[4]An exception exists in circumstances where the test is intended to measure the skills that are impaired. *Id.*

[5]Because of its finding that a question of material fact exists as to whether double time is a reasonable accommodation, it is unnecessary for the Court to address whether a question of material fact also exists as to whether Cox is an otherwise qualified individual.

of reasonable testing accommodation within the context of requests for preliminary injunction. In the course of its determination of whether the plaintiff had a likelihood of success on the merits, the *D'Amico* court stated that "in a case where there is no medical evidence to the contrary, and the treating physician's opinion does not appear on its face to be outrageous, it is appropriate for the Court to give great weight to the physician's opinions as to the nature of the accommodations required for his patient." 813 F.Supp. at 223. However, in that same paragraph, the court acknowledged that "the treating physician does not have the final word on determining what is or is not reasonable." *Id.* *Agranoff*, citing *D'Amico*, stated that "[t]wo common factors upon which courts rely are the medical evaluations of the disabled plaintiffs and prior accommodations." 97 F.Supp.2d at 87. The court then quoted *D'Amico* as determining "that the 'opinion of the [plaintiff's] treating physician must be given great weight' because the plaintiff's need for accommodation is 'principally a medical issue.'" *Id.* at 87 (quoting *D'Amico*, 813 F.Supp. at 222-23).

Even assuming that Dr. Baines can be considered Cox's treating physician,[6] her testimony is insufficient to permit the Plaintiff to prevail on summary judgment. Regardless of the weight given to Dr. Baines' testimony, unlike the testimony in the *D'Amico* case, Dr. Baines' testimony is not unopposed. The Alabama Bar has asserted the testimony of Dr. Rachel Fargason, M.D., which supports its position that double time is not a reasonable

[6]The Defendant argues that the opinion of Helen Baines, Ph.D., upon which Plaintiff relies, does not deserve the greater weight given to treating physicians because Dr. Baines is Cox's licensed school psychologist as opposed to his personal medical doctor. The Court makes no finding as to whether she is his treating physician in this case, but only assumes so for the sake of argument.

accommodation. Because this is a case of conflicting expert opinions, where none are outrageous on their face, the Court cannot say that no reasonable jury would find the accommodations to be unreasonable. Thus, a question of material fact exists as to whether the accommodation was reasonable. *See, e.g. Kuehl v. Wal-Mart Stores, Inc.*, 909 F.Supp. 794, 803 (D.Col. 1995) ("normally the determination of whether an offer of accommodation by an employer is reasonable is a question of fact"). Therefore, the Plaintiff's Motion for Summary Judgment is due to be DENIED.

**III. CONCLUSION**

For the reasons stated above, it is hereby ORDERED that

(1) The Alabama State Bar's Motion for Summary Judgment (Doc. #31) is DENIED; and

(2) Eric Cox's Motion for Summary Judgment (Doc. #32) is DENIED.

DONE this 1st day of June, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE